FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
MAR 06 2023
JEFFREY P. COLWELL
CLERK

02/26/2023
P. 1 OF 3

TO: United States Magistrate Judge - The Honorable Gordon P. Gallagher
Care-of Clerk of Court - US District Court - Alfred A. Arraj Courthouse

From: Nicholas Andrew Travis - FID # 31635-047 / FCI Terre Haute
by request, and on behalf of, Rodney Lee Hummons - FID # 50739-509 / Terre Haute FCI

Your Honor,

My name is Nicholas A. Travis, I am writing you on behalf of Rodney Lee Hummons; Mr. Hummons is currently my assigned cellmate at FCI Terre Haute's Special Housing Unit; upon meeting Mr. Hummons, I became aware of his Civil Action case to which you had been assigned. Mr. Hummons had requested that I help him understand the process and legal terminology associated with your response to a letter he had had written to the Clerk of Court, on or about the month of November, 2022. In the response Mr. Hummons had recieved from this court, he was granted a Civil Action case, with an order to fix deficiencies in his earlier filing in order to proceed.

When Mr. Hummons provided me with the relevant documents he recieved via special mail from this court, as well as a previous attempt with the 10th Circuit Appeals court, and one other piece of correspondence from Your Clerk of Court, I became immediately aware of a potentially serious issue; FCI Terre Haute had processed your correspondence, postmarked December 22, 2022, stamp ID # 041L11345087, as special mail, but would not give the envelope to Mr. Hummons, only a copy of it. The significance of this, is that despite all Mr. Hummons's legal correspondence coming from either this court; under yourself, and then Senior District Judge Lewis T. Babcock; the Office of the Clerk, the Appeals Court for the tenth circuit, and a private Attorney on a separate matter; despite all of this clearly falling under special/legal mail, your letter informing Mr. Hummons of the Civil Action, case No. 1:22-CV-03304-GPG was the only one properly handled as legal mail. See please.

The remainder of the correspondence mailed from this court, dated 30, Dec. 2022, and 16, Feb. 2023 respectfully, were all falsely declined by Terre Haute FCI with the following: "This correspondence" "this mail does not qualify as special mail as defined by Program Statement 5265.11 Correspondence"

Every required declaration, identical to your copied envelope, was displayed in full view, from the same courthouse, pertaining to the same civil action against Terre Haute FCI, yet these subsequent letters were deemed general mail, and thus opened, copied, read, inspected, and then delayed, resulting in Mr. Hammons being unable to comply with the order to fix deficiencies within the 30 days. Because the letter from your Clerk of Court had been read by staff, Mr. Hammons believes it gave this facility advanced warning of the civil action, and he believes the reason for the false declarations of not qualifying, and his hindrance from Special Housing staff/Law Library staff to gain access to legal material/assistance was in a malicious, and ultimately successful attempt to block Mr. Hammons from complying with your order.

To that point, I personally witnessed the final correspondence, dated 16, Feb. 2023 be handed to Mr. Hammons by SHU staff, again processed as general mail, with the same declaration of disqualification, so I can, and I am attesting to first-hand knowledge of tampering with the United States mail, and possible obstruction/interfering with Official Business. Mr. Hammons is requesting he be granted court appointed council to resolve the above mentioned civil action, as well as granted consideration for subsequent civil/criminal actions, with court-appointed council, to address the seemingly intentional actions to halt yet another legal proceeding against Terre Haute FCI, who currently have multiple 8th Amendment litigations being mitigated.

Mr. Hammons believes his personal safety, as well as his legal security are in danger. Given that Mr. Hammons is, at present, a Care-3 medically unstable status, due to chronic health problems, his pacemaker, and his heart block; Mr. Hammons whole heartedly believes that if this facility would repeatedly tamper with his legal mail, and attempt to execute an MRI diagnostics test, knowing he has a pacemaker, and that information

P. 3 of 3

somehow not being among the files of the contracted provider who ordered the test; Mr. Hammons believes his physical safety is in imminent danger, if he continues to pursue legal actions against this facility. At the time of this writing, our cell, C-25, has had no heat for the two days we have been in here; our previous cell, C-23, also had no heat for the 2 weeks we shared that cell; Mr. Hammons can't afford to fight a prolonged sickness in his current state without significant risk to his physical well-being.

In closing, Mr. Hammons is requesting the court reconsider the dismissal of his civil action in light of the actions from prison officials; he is also requesting court appointed council, consideration for subsequent civil and criminal investigations against FCI Terre Haute, and on a more immediate basis, removal from FCI Terre Haute, and transfer to an FMC to address his medical health issues; this would also guarantee preservation of evidence, and the integrity of any forthcoming investigations, as well as his personal safety.

Finally, Mr. Hammons is requesting that all further contact with regard to these matters be conducted via legal call, in-person, or video tele-conference (V.T.C.) to ensure a swift response, and stop further interception of communications with this court. If you have any questions for me, you may contact me via my federal number/legal mail, or any way the court deems appropriate.

   Thank you for your time.
   Respectfully,
  Nicholas Andrew Travis  Rodney Lee Hammons
  Nicholas Andrew Travis  Rodney Lee Hammons
  FID# 31635-047/FCI Terre Haute FID# 50739-509/FCI Hazelton
  Special Housing Unit  Special Housing Unit
  02/26/2023  02/26/2023